# Exhibit A

Mark W. Pugsley (8253)
Z. Ryan Pahnke (11146)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Fax: (801) 532-7543

*Attorneys for Plaintiff*

---

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| GARY PATTERSON, an individual, | **COMPLAINT** |
| Plaintiff, | Case No.: |
| v. | Judge: |
| LEAR CAPITAL, INC., a California corporation; TED NOUTSOS, an individual; TERRY MOLONEY, an individual; DANA FRANKFORT, an individual; and DOES 1–10, | **Tier 3** |
| Defendants. | **JURY DEMAND** |

Plaintiff Gary Patterson ("Patterson" or "Plaintiff"), by and through his undersigned attorneys of record, alleges claims against defendants Lear Capital, Inc., Ted Noutsos, Terry Moloney, Dana Frankfort, and Does 1–10 ("Lear" or "Defendants") as follows:

## PARTIES

1.      Plaintiff Gary Patterson is an individual residing in Salt Lake County, Utah. Plaintiff Patterson is a 75 year old retired man with significant hearing loss and severe acoustic reflux decay, which causes him to be unable to understand words and sounds.

2.      Defendant Lear Capital, Inc. ("Lear") is a privately-held California corporation with its principal place of business at 1990 South Bundy Drive, Suite 650, Los Angeles, California 90025.  Lear Capital, Inc. is a Los Angeles-based precious metals dealer that sells precious metals to customers nationwide, including in the State of Utah.

3.      Defendant Ted Noutsos ("Noutsos") is an individual who, upon information and belief, resides in California.  Noutsos is an Account Executive for Lear Capital, Inc. and provided investment advice to Plaintiff without being licensed to do so.

4.      Defendant Terry Moloney ("Moloney") is an individual who, upon information and belief, resides in California.  Moloney is Senior Account Executive for Lear Capital, Inc. and provided investment advice to Plaintiff without being licensed to do so.

5.      Defendant Dana Frankfort ("Frankfort") is an individual who, upon information and belief, resides in California.  Frankfort is an employee of Lear Capital, Inc. and provided investment advice to Plaintiff without being licensed to do so.

6.      Defendants Noutsos, Moloney and Frankfort are referred to as "Individual Defendants".

7.      The true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, are unknown to Patterson, and Patterson therefore sues these Defendants by such fictitious names.

8.    When the true names and capacities of these Doe Defendants have been ascertained, Patterson will seek leave of this Court to amend this Complaint to insert, in lieu of such fictitious names, the true names and capacities of the fictitiously-named Defendants.

9.    All of the acts and omissions described in this Complaint were duly performed by, and attributable to, all Defendants, each acting as the agent, employee, alter ego, and/or under the direction and control of the others, and such acts and omissions are within the scope of such agency, employment, and/or direction and control.

10.    Each Defendant identified herein also (or in the alternative) aided and abetted all of the other Defendants in violating the letter of the laws set forth in this Complaint, as well as the public policy embodied therein.

## JURISDICTION AND VENUE

11.    The claims asserted are governed by Utah common law and the Utah Uniform Securities Act, Utah Code § 61-1-1 *et seq.*

12.    This Court has jurisdiction over Defendants pursuant to Utah's long-arm statute. Defendants transacted and continue to do business in this state; Defendants advertised services or goods which reached Plaintiff in Utah; Defendants contracted to supply services or goods to a Utah resident; and Defendants caused injury within Utah. *See* Utah Code §§ 78B-3-205(1), (2), and (3).

13.    Venue is also proper in this Court on the grounds that the misrepresentations and acts alleged herein were committed in whole or in part in Salt Lake County, State of Utah.

14.    Although the exact amount of damages sought by Plaintiff cannot be ascertained until an accounting is complete in this case, Plaintiff alleges upon information and belief that

damages will be in excess of $300,000, and that this case qualifies as a Tier 3 action under Rule 26(c) of the Utah Rules of Civil Procedure.

## GENERAL ALLEGATIONS

**A.      Lear's Business Model**

15.     Lear sells precious metals to customers, typically through placement in a third party depository. Generally, customers transfer funds from savings or an individual retirement account ("IRA"), and purchase precious metals to be held in a newly-opened Lear self-directed IRA.

16.     Lear advertises frequently on FOX News using fear tactics to convince customers that their money is not safe in "our unstable and vulnerable monetary system." Customers are encouraged to invest in the "safe haven" of gold and other precious metals, stating that a customer's "livelihood may depend on it." Lear tells potential customers that purchasing precious metals will shield their retirement money "from the volatility associated with stocks and other paper assets."

17.     Lear tells viewers that silver could be valued at up to $100 an ounce, despite the fact that it is currently valued at approximately $18 an ounce.

18.     Lear promises customers "complete purchase transparency," including "no hidden fees and a clear and fully disclosed gold and silver acquisition process."

19.     But contrary to the representation that there will be no hidden fees, Lear earns profits by charging a fee commonly referred to as the "spread," which refers to the difference between the dealer's wholesale cost and the retail price offered to customers. Lear, through the Individual Defendants, misleads customers about the amount of this fee, concealing that it

charges as much as 33%, which is typically hidden in the spread. This fee is charged simply to process a transaction, with Lear retaining the significant profits, to the detriment of investors such as Patterson.

20.     Defendants conduct all preliminary communications by phone, not allowing customers to review any documents in writing until after the fees have been received.

21.     Until customers have submitted payment, they typically have no written documentation of quantity, type, or cost of the precious metals, and no information on the true cost of Lear's fees.

**B.     Defendants' Misrepresentations to Patterson about Gold and Silver Investments in 2017**

22.     In or about October of 2017, Patterson first spoke with Lear representatives Ted Noutsos and Dana Frankfort to learn more about Lear's investment opportunities.

23.     Defendants are not licensed investment advisers.

24.     Lear, through the Individual Defendants, encouraged Patterson to liquidate his existing investments and transfer his entire 401k retirement funds to invest in the Lear IRA.

25.     Lear, through the Individual Defendants, assured Patterson that investing in the Lear IRA was a safe investment. Lear, through the Individual Defendants, also told Patterson that this investment was actually safer than keeping his money in banks because it would protect him from volatile markets and bank failures, and would be safer than the stock market.

26.     During Defendants' investment pitch, Patterson asked for a breakdown of all costs associated with investment in the Lear IRA.

27.     Lear, through the Individual Defendants, responded by quoting Patterson a discounted rate for gold and silver coins of $490.20 per "Gold Polar Bear & Cub Coin" ("Gold

5

Coin") and $41.66 per "Silver Snow Falcon Coin" ("Silver Coin") that he understood included any fees associated with the account.

28. After receiving this quote, Patterson spoke with Mr. Noutsos again to verify that there were no additional fees and to confirm the actual value of the coins.

29. Based on Defendants' representations, Patterson understood that the cost of the coins included any fees associated with the account.

30. Patterson repeatedly confirmed with Defendants that he would not be charged fees for the transfer of his money to the Lear IRA. Defendants assured Patterson that he would not be charged any fees.

31. The only fee that Defendants ever disclosed to Patterson during their initial conversations was a $30 per year fee for using paper statements—statements which they later refused to provide.

32. Patterson was also concerned with the costs associated with early withdrawal of funds from his 401k. Patterson repeatedly confirmed with Lear, through the Individual Defendants, that they would cover the cost of his early withdrawal from his 401k, which was estimated at approximately $30,000. Defendants assured him that they would cover that cost by providing him additional coins that would compensate him for those withdrawal fees.

33. In reliance on investment advice from Defendants, Patterson liquidated securities and withdrew $412,340.27—his entire life savings—out of his 401k plan to invest in the Lear IRA.

34.     While on the phone with Lear, through the Individual Defendants, Patterson orally agreed to invest in a Lear IRA based on the terms that had been discussed in prior emails and phone conversations.

35.     Lear, through the Individual Defendants, asked Patterson a series of questions to which he was only permitted to respond "yes" or "no." During this phone call, Patterson—who has a hearing disability—did not have his hearing aid in. Lear, through the Individual Defendants, never ensured that Patterson actually understood the terms of the agreement.

36.     Lear, through the Individual Defendants, recorded the portion of the phone call where they asked this series of "yes" or "no" questions, but not the portion where they made oral misrepresentations as alleged herein.

37.     After this conversation, Defendants sent Patterson an email asking him to sign a "Shipping Agreement." This email contained the document which Patterson then signed electronically. Patterson was not provided with a copy of that document.

38.     Lear, through the Individual Defendants, told Patterson that this was merely a shipping agreement, not a purchase contract.

39.     Patterson understood that this document had no effect on his prior agreements with Lear, given that the Shipping and Transaction Agreement did not define the cost of the coins. Rather, the cost of coins had been defined in prior phone and email conversations with Defendant.

40.     Patterson later received an invoice that showed that the Gold Coins were actually priced at $500 each and the Silver Coins were actually priced at $42.50 each. According to this

invoice, he was charged for 300 Gold Coins and 5,350 Silver Coins. The total purchase amount was $377,375.00, not the full amount he thought he had invested.

41.     Defendants had also eliminated any of the remaining incentives promised by charging hidden transaction fees—also known as the "spread." Defendants never informed Patterson that they would charge this 29–33% fee for simply opening an account and transferring his coins.

42.     This transaction resulted in Patterson receiving fewer coins at a higher price than what Defendants had represented on the phone, which Patterson had orally agreed to.

43.     After his initial investment, Patterson repeatedly asked Lear, through the Individual Defendants, to send him paper statements regarding his investment, but they refused to provide monthly statements.

44.     Lear, through the Individual Defendants, also promised they would not make any transfers without his verbal confirmation, that they would contact Patterson every 4–6 weeks to update him about his account, and that they would contact him any time there was a negative market impact on his Lear IRA. They never fulfilled any of those promises.

45.     Patterson did not realize the extent of Defendants' initial misrepresentations until he received a year-end statement from STRATA Trust Company in 2017. This statement showed that the value of his Lear IRA had decreased by 38%, and that his $377,375.00 investment was now worth only $232,437.50.

**C. Defendants' Misrepresentations to Patterson about Platinum Investments in 2018**

46.     Almost a year later, in September of 2018, Lear representative Moloney reached out to Patterson, this time seeking to upsell him. Moloney tried to persuade Patterson to convert his Gold and Silver Coins into platinum.

47.     Moloney informed Patterson that his Lear IRA was in bad shape and that his account was down nearly 50%.

48.     Moloney promised Patterson that platinum would be an even more secure investment, and that platinum was forecast to surpass the price of gold by the end of the year.

49.     Moloney also advised Patterson that the only way for him to recoup the losses in his account was to switch to platinum.

50.     Patterson requested a document explaining the value of switching to platinum.

51.     Moloney agreed to do a thirty-day trial to see if the value of platinum would increase. After the thirty-day trial, Moloney informed Patterson that his account balance had increased by $8,668. He understood this to mean that the $8,668 was the net gain in his STRATA account.

52.     Based on Defendants' representations and advice, Patterson agreed to transfer his account to platinum.

53.     On a call about transferring his account to Platinum, Defendants assured Patterson that there would not be any fees associated with the transfer.

54.     To facilitate this exchange, Defendants bought back Patterson's Gold and Silver Coins and later sold him the equivalent in platinum.

55. On September 14, 2018, Patterson received an invoice reflecting that Defendants had purchased Patterson's Gold and Silver Coins for $196,950.00.

56. On October 11, 2018, Patterson received another invoice reflecting that Defendants had sold him 197 Platinum Bars for a total of $196,998.03.

57. Although Defendants had again assured Patterson that there would be no fees associated with this transfer, when Patterson received his year-end statement, he learned that this was yet another misrepresentation by Defendants.

58. That statement showed that he had been charged a significant fee for simply switching his account to platinum, and that his account was now worth only $141,527.80. At that point, Patterson had lost roughly two-thirds of his life savings that he had invested in the Lear IRA less than two years earlier.

**D.     The Shipping and Transaction Agreement Contains Unenforceable Provisions**

59. The "Shipping and Transaction Agreement" that Defendants tricked Patterson into signing is unenforceable against Patterson as it was obtained by Fraud perpetrated by Defendants.

60. The only time Patterson saw that document was after a conversation with Defendants, who represented that the document was just a shipping agreement. He never received a copy of the document, and Defendants misrepresented the nature of this document to Patterson, claiming it was merely a shipping agreement, not a purchase contract.

61. Defendants represented to Patterson that the transaction could not go forward unless he signed the Shipping and Transaction Agreement, but that it was just a formality.

62. Defendants represented that the terms of the agreement were based on what they had discussed in prior phone and email conversations—which were different than the provisions of the Shipping and Transaction Agreement.

63. The Shipping and Transaction Agreement then purported to override any prior agreements. That document also included additional terms, such as choice of law and arbitration clauses which Patterson was not aware of and had never agreed to.

64. Defendants did not ask if Patterson agreed to these additional provisions in their recorded series of "yes" or "no" questions.

**E.    Defendants' Misrepresentations Harmed Plaintiff**

65. Defendants repeatedly assured Patterson that he would not be charged any fees, and that his investment was a much more secure alternative to traditional investing.

66. Those assurances were false. Patterson has lost over two-thirds of his investment to fees charged by Defendants—not to market fluctuations.

67. Patterson is also unable to recover the value of his investment by selling the Platinum Bars. The bars are not minted and are therefore unmarketable. Defendants never disclosed this fact to Patterson.

68. As a result of Defendants' deceptive and predatory practices, Patterson has suffered significant financial, emotional, and physical hardship.

69. Patterson relied on the statements made by Defendants in deciding whether to invest in the Lear IRA.

70. Had Patterson known the true cost of investing with Defendants, he never would have liquidated his retirement 401k and never would have invested in the Lear IRA.

71.     Defendants Noutsos, Moloney, and Frankfort were or are employees of Lear Capital who materially aided in the sale and purchase of securities, and are therefore control persons as defined in Utah Code § 61-1-22(4). Because Defendants Noutsos, Moloney, and Frankfort each individually violated Utah Code § 61-1-22(1), they are each personally liable, jointly and severally with and to the same extent as the other defendants.

## FIRST CAUSE OF ACTION

### Violations of Utah Uniform Securities Act

72.     Plaintiff re-alleges and incorporates by this reference the preceding paragraphs of this Complaint as if fully set forth herein.

73.     Defendants' conduct, as alleged herein, constitutes violations of the Utah Uniform Securities Act, specifically Utah Code §§ 61-1-1, 61-1-2, 61-1-3(3), & 61-1-22(1).

74.     The Gold Coins, Silver Coins, and Platinum Bars that Defendants sold to Plaintiff constitute a "commodity" within the meaning of Utah Code § 61-1-13(1)(f)(ii), and the contract for the sale of those coins constitutes a "commodity contract" within the meaning of Utah Code § 61-1-13(1)(g)(i).

75.     This investment also constitutes a "security" within the meaning of Utah Code § 61-1-13(ee)(i)(P).

76.     In connection with the purchase and sale of these precious metals, Defendants willfully (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material facts or omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in acts,

practices, and a course of business that operated as a fraud or deceit upon Plaintiff in connection with his purchase of the precious metals.

77. In connection with the purchase and sale of these precious metals, Defendants each also unlawfully transacted business as an unlicensed investment adviser within the meaning of Utah Code § 61-1-13(1)(q)(i).

78. Plaintiff suffered damages as a result of Defendants' conduct after he purchased the precious metals in reliance upon the fraudulent and misleading statements and omissions of Defendants as alleged herein.

79. Plaintiff would not have purchased the precious metals if he had been aware of the true facts of his purchase agreement with Defendants.

80. Plaintiff only discovered the true facts concerning these transactions subsequent to April 2019 when he retained counsel and began investigating the facts relating to his investment. Prior to that time, Defendants actively concealed the true facts from him.

81. Defendants made misrepresentations and/or omitted to state material facts in connection with Plaintiff's purchase of precious metals.

82. Defendants' representations in connection with the offering of precious metals as alleged herein were untrue statements of material facts and/or Defendants omitted to state material facts concerning the sale of these securities to Plaintiff.

83. As a direct and proximate result of Defendants' violations of the Utah Uniform Securities Act, Plaintiff has been damaged in an amount to be proven at trial, but in no event less than the amounts of his principal investments.

84.     Defendants Noutsos, Moloney, and Frankfort are control persons jointly and severally liable for all acts alleged herein pursuant to Utah Code § 61-1-22(1) and (4).

85.     Because Defendants' actions as alleged herein were reckless and intentional, Plaintiff is entitled to receive treble damages, costs, and attorney's fees pursuant to Utah Code § 61-1-22(2).

## SECOND CAUSE OF ACTION

### Breach of Fiduciary Duty

86.     Plaintiff re-alleges and incorporates by this reference the preceding paragraphs of this Complaint as if fully set forth herein.

87.     As a consequence of, among other things, the nature of the advice Defendants provide and their status as investment advisers, Defendants owed fiduciary duties to Plaintiff.

88.     As fiduciaries, Defendants had a fundamental obligation to act in the best interests of their clients and to provide investment advice in the client's best interests, including taking reasonable care to avoid misleading the client and providing full and fair disclosure of all material facts.

89.     Defendants breached their fiduciary duties to plaintiff by, among other things: (a) misrepresenting the cost of the precious metals they were selling to Plaintiff; (b) misrepresenting the nature of the precious metals they were selling to Plaintiff; (c) misrepresenting that Defendants would not charge Plaintiff any fees for his transactions with Defendants; (d) misrepresenting that Defendants would cover any costs associated with transferring money out of Plaintiff's 401k account; (e) failing to disclose the "spread" that Defendants would be receiving on each transaction; (f) misrepresenting the benefits of investing in the Lear IRA; (g) failing to

warn Plaintiff of the risks associated with his investment in the Lear IRA; (h) failing to obtain the appropriate license to provide investment advice; (i) failing to disclose that Defendants were not licensed investment advisers; (j) intentionally and knowingly concealing from Plaintiff critical facts about the Lear IRA; and (k) otherwise acting in a manner inconsistent with and adverse to the interests of Plaintiff.

90. Because of Defendants' breaches of their fiduciary duties as alleged herein, Plaintiff has suffered injury, damage, loss, and harm in an amount to be determined at trial, but in no event less than the amounts of his principal investments.

91. Because of Defendants' breaches of its fiduciary duties as alleged herein, Plaintiff has been required to retain counsel to prosecute this suit; therefore, Plaintiff should recover from Defendants its attorney fees, costs, and other expenses incurred herein to the maximum degree provided by applicable law.

<u>**THIRD CAUSE OF ACTION**</u>

**Fraudulent Misrepresentation**

92. Plaintiff re-alleges and incorporates by this reference the preceding paragraphs of this Complaint as if fully set forth herein.

93. Defendants made certain representations in connection with the offering of precious metals to Plaintiff as alleged in detail herein.

94. The Defendants' representations concerning then existing material facts were false, and Defendants knew that their representations were false when made.

95. At minimum, Defendants' misrepresentations were made recklessly, knowing that they had insufficient knowledge upon which to base such representations.

96.    Defendants' false representations were made in order to induce Plaintiff to purchase precious metals and invest in the Lear IRA.

97.    Plaintiff reasonably relied on Defendants' false representations, and was unaware of their falsity.

98.    In reliance on Defendants' false representations, Plaintiff liquidated his 401K account and purchased Gold and Silver Coins, and later Platinum Bars to his detriment.

99.    As a direct and proximate result of Defendants' false representations, Plaintiff has been damaged in an amount to be proven at trial, but in no event less than the amounts of his principal investments.

100.    Defendants' fraud constitutes willful and malicious conduct with a manifest disregard of, and a knowing and reckless indifference for, the rights of Plaintiff and, as such, Plaintiff is entitled to punitive damages.

## FOURTH CAUSE OF ACTION

### Fraudulent Inducement

101.    Plaintiff re-alleges and incorporates by this reference the preceding paragraphs of this Complaint as if fully set forth herein.

102.    As alleged herein, Defendants made false and misleading statements to Plaintiff and omitted to state material facts as alleged in detail herein with the specific intent to fraudulently induce Plaintiff to liquidate his 401K account and to purchase precious metals and enter into the Shipping and Transaction Agreement.

103.    Defendants knew that such statements and omissions were false and misleading, and involved material facts about the product and the purported contract.

104.     Defendants made the statements and omissions with the intent that Plaintiff would rely on such false and misleading statements and omissions, and agree to purchase precious metals and entered into a contract with Defendants.

105.     After making the misrepresentations and omissions orally and in writing, Defendants sent Patterson an email asking him to sign a "Shipping Agreement" that would not alter any of the terms Defendants had discussed with Plaintiff. This email contained a link to the document which Patterson then signed electronically. Patterson was not provided with a copy of that document.

106.     Defendants told Patterson that this was merely a shipping agreement, not a purchase contract.

107.     Patterson understood that this document had no effect on his prior agreements with Defendants, given that the Shipping and Transaction Agreement did not define the cost of the coins. Rather, the cost of coins had been defined in prior phone and email conversations with Defendant.

108.     Plaintiff did purchase precious metals and executed the Shipping and Transaction Agreement as instructed by Defendants, relying on the false, misleading and negligent statements and omissions alleged herein.

109.     Defendants actively concealed the true facts concerning the transaction from Plaintiff.

110.     As a direct and proximate result of Plaintiff's reliance on Defendants' promises and representations, Plaintiff liquidated his 401K account, purchased precious metals from Defendants, and executed the Shipping and Transaction Agreement to his detriment.

111.    Based on Defendants' fraudulent inducement, Plaintiff is entitled to rescind the Shipping and Transaction Agreement and to unwind his transactions with Defendants, and hereby demands that the parties be placed in the position they held with respect to each other immediately prior to any purchase of precious metals from Defendants.

## FIFTH CAUSE OF ACTION

### Promissory Estoppel

112.    Plaintiff re-alleges and incorporates by this reference the preceding paragraphs of this Complaint as if fully set forth herein.

113.    Defendants made certain representations and promises about purportedly presently existing facts in connection with the sale of precious metals, as set forth above.

114.    Plaintiff acted with prudence and in reasonable reliance upon Defendants' promises and representations in making his decisions to invest in precious metal securities.

115.    Defendants knew that Plaintiff would rely and did rely upon their representations and promises in connection with the offering.

116.    Defendants knew all material facts surrounding their representations and promises in connection with the offering.

117.    Plaintiff acted with prudence and in reasonable reliance on Defendants' promises and misrepresentations about investing in the Lear IRA by liquidating his 401K at Defendants' insistence and investing the money in a Lear IRA.

118.    Plaintiff only began to discover the true facts concerning these representations in April 2019 when he retained counsel and began investigating the facts relating to his investment. Prior to that time and continuing to date, Defendants actively concealed the true facts from him.

119.    As a direct and proximate result of Plaintiff's reliance on Defendants' promises and representations, Plaintiff has been damaged in amount to be proven at trial but in no event less than the amounts of his principal investments.

## SIXTH CAUSE OF ACTION

### Common-Law Fraud

120.    Plaintiff re-alleges and incorporates by this reference the preceding paragraphs of this Complaint as if fully set forth herein.

121.    As outlined above, Defendants made representations of fact in connection with the offerings of precious metals.

122.    These representations were false, and Defendants knew that these representations were false when made.

123.    The false representations were made in order to induce Plaintiff to purchase precious metals.

124.    As alleged herein, Plaintiff reasonably relied on Defendants' false representations, and was unaware of their falsity.

125.    In reliance on Defendants' false representations, Plaintiff liquidated his 401K and purchased precious metals and invested in the Lear IRA to his detriment.

126.    Plaintiff only discovered the true facts concerning these transactions subsequent to April 2019 when he retained counsel and began investigating the facts relating to his investment. Prior to that time, Defendants actively concealed the true facts from him.

127.    As a direct and proximate result of Defendants' false representations, Plaintiff has been damaged in an amount to be proven at trial.

128.     Defendants' fraud constitutes willful and malicious conduct with a manifest disregard of, and a knowing and reckless indifference for, the rights of Plaintiff and, as such, Plaintiff is entitled to punitive damages in an amount to be proven at trial, but in no event less than the amounts of his principal investments.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.     Awarding Plaintiff compensatory damages in an amount to be proven at trial, but in no event less than $300,000 jointly and severally;

2.     Awarding Plaintiff treble damages under Utah Code § 61-1-22(2);

3.     In the alternative, an order from this Court rescinding all the agreements between the parties, and placing them in their respective positions held immediately prior to the sales described herein;

4.     Awarding Plaintiff pre-judgment and post-judgment interest;

5.     Awarding Plaintiff attorneys' fees, expert witness fees, and other costs pursuant to Utah Code § 61-1-22(2);

6.     Awarding Plaintiff punitive damages in an amount to be proven at trial but in no event less than $1,000,000; and

7.     Awarding such other relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED this 20th day of February, 2020.

RAY QUINNEY & NEBEKER P.C.

*/s/ Mark W. Pugsley*
Mark W. Pugsley
Z. Ryan Pahnke

*Attorneys for Plaintiff*

1506539

Mark W. Pugsley (8253)
Z. Ryan Pahnke (11146)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Fax: (801) 532-7543

*Attorneys for Plaintiff*

---

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| GARY PATTERSON, an individual, | **PROOF OF SERVICE** |
| Plaintiff, | Case No.: 200901452 |
| v. | Judge: Barry Lawrence |
| LEAR CAPITAL, INC., a California corporation; TED NOUTSOS, an individual; TERRY MOLONEY, an individual; DANA FRANKFORT, an individual; and DOES 1–10, | **Tier 3** |
| | **JURY DEMAND** |
| Defendants. | |

The Summons and Complaint filed in the above entitled action was served on Dana Frankfort on March 17, 2020 at the headquarters of Lear Capital, Inc. by the method described below.

**Service by Third Person**

I, Jeff Star, a process server for the State of California, Los Angeles Co. Reg. No.: 2837, am over the age of 18, and:

- I am not a party or an attorney for a party to this action.

- I have not been convicted of a felony violation of a sex offense listed in Utah Code Section 77-41-102(16).
- I am not a respondent in a protective order proceeding (see Utah Code Section 78B-7-101).

On March 17, 2020 at 1:40 p.m. PDT, I personally served the above mentioned documents on Dana Frankfort to Scott Robinson, CFO of Lear Capital, Inc., which is located at 1990 S. Bundy Dr., Ste. 600, Los Angeles, California 90025.

DATED this 24th day of March, 2020.

Jeff Star
Process Server
Star Services, Inc.

Mark W. Pugsley (8253)
Z. Ryan Pahnke (11146)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Fax: (801) 532-7543

*Attorneys for Plaintiff*

---

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| GARY PATTERSON, an individual, | **SUMMONS** |
| Plaintiff, | Case No.: 200901452 |
| v. | Judge: Barry Lawrence |
| LEAR CAPITAL, INC., a California corporation; TED NOUTSOS, an individual; TERRY MOLONEY, an individual; DANA FRANKFORT, an individual; and DOES 1–10, | **Tier 3** |
| | **JURY DEMAND** |
| Defendants. | |

---

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

DANA FRANKFORT
Lear Capital, Inc.
1990 South Bundy Drive, Suite 650
Los Angeles, CA  90025

You are hereby summoned and required to file an answer in writing to the attached

Complaint with the Clerk of the Third Judicial District Court of Salt Lake County, 450 Matheson

Courthouse, 450 South State Street, Salt Lake City, UT 84114 and to serve upon, or mail to

Mark W. Pugsley and Z. Ryan Pahnke, attorneys for Plaintiff, at Ray Quinney & Nebeker P.C.,

36 South State Street, Suite 1400, Post Office Box 45385, Salt Lake City, Utah 84145-0385, a

copy of said answer within **thirty (30) days** after service of this Summons upon you.

If you fail to answer, judgment by default will be taken against you for the relief demanded in the Complaint, which has been filed with the clerk of the above-entitled court and a copy of which is attached herewith and served upon you.

DATED this 4th day of March, 2020.

RAY QUINNEY & NEBEKER P.C.

/s/ *Mark W. Pugsley*
Mark W. Pugsley
Z. Ryan Pahnke
*Attorneys for Plaintiff*

1520604

<u>**CASE NUMBER**</u>   200901452 **-** Miscellaneous

CURRENT ASSIGNED JUDGE: BARRY LAWRENCE

**Parties**

| Relationship | Party | Represented By |
|---|---|---|
| Defendant | LEAR CAPITAL INC | |
| Defendant | TED NOUTSOS | |
| Defendant | TERRY MOLONEY | |
| Defendant | DANA FRANKFORT | |
| Plaintiff | GARY PATTERSON | MARK PUGSLEY<br>Z RYAN PAHNKE |

**Events**

| Date | Event |
|---|---|
| February 20, 2020 | Filed: Complaint |
| February 20, 2020 | Fee Account created |
| February 20, 2020 | Fee Account created |
| February 20, 2020 | Fee Payment |
| February 20, 2020 | Case filed by efiler |
| February 20, 2020 | Filed: Return of Electronic Notification |
| March 26, 2020 | Filed: Return of Service upon SCOTT ROBINSON, CFO OF LEAR CAPITAL for |
| March 26, 2020 | Filed: Return of Service upon SCOTT ROBINSON, CFO OF LEAR CAPITAL for |
| March 26, 2020 | Filed: Return of Service upon SCOTT ROBINSON, CFO OF LEAR CAPITAL for |
| March 26, 2020 | Filed: Return of Service upon SCOTT ROBINSON, CFO OF LEAR CAPITAL for |
| March 26, 2020 | Filed: Return of Electronic Notification |
| March 26, 2020 | Filed: Return of Electronic Notification |
| March 26, 2020 | Filed: Return of Electronic Notification |
| March 26, 2020 | Filed: Return of Electronic Notification |

**Account Summary**

| Account | Details | | | |
|---|---|---|---|---|
| REVENUE DETAIL **-** TYPE: COMPLAINT **-** NO AMT S | Amount Due: | $ | 360.00 | |
| | Amount Paid: | $ | 360.00 | |
| | Amount Credit: | $ | 0.00 | |
| | | | **Balance:** | * $ 0.00 |
| REVENUE DETAIL **-** TYPE: JURY DEMAND **-** CIVIL | Amount Due: | $ | 250.00 | |
| | Amount Paid: | $ | 250.00 | |
| | Amount Credit: | $ | 0.00 | |
| | | | **Balance:** | * $ 0.00 |

Mark W. Pugsley (8253)
Z. Ryan Pahnke (11146)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Fax: (801) 532-7543

*Attorneys for Plaintiff*

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| GARY PATTERSON, an individual, <br><br> Plaintiff, <br><br> v. <br><br> LEAR CAPITAL, INC., a California corporation; TED NOUTSOS, an individual; TERRY MOLONEY, an individual; DANA FRANKFORT, an individual; and DOES 1–10, <br><br> Defendants. | **PROOF OF SERVICE** <br><br> Case No.: 200901452 <br><br> Judge: Barry Lawrence <br><br> **Tier 3** <br><br> **JURY DEMAND** |

The Summons and Complaint filed in the above entitled action was served on Lear

Capital, Inc. on March 17, 2020 at the headquarters of Lear Capital, Inc. by the method described

below.

**Service by Third Person**

I, Jeff Star, a process server for the State of California, Los Angeles Co. Reg. No.: 2837,

am over the age of 18, and:

- I am not a party or an attorney for a party to this action.

- I have not been convicted of a felony violation of a sex offense listed in Utah Code Section 77-41-102(16).

- I am not a respondent in a protective order proceeding (see Utah Code Section 78B-7-101).

On March 17, 2020 at 1:40 p.m. PDT, I personally served the above mentioned documents on Lear Capital, Inc. to Scott Robinson, CFO of Lear Capital, Inc., which is located at 1990 S. Bundy Dr., Ste. 600, Los Angeles, California 90025.

DATED this 24th day of March, 2020.

Jeff Star
Process Server
Star Services, Inc.

Mark W. Pugsley (8253)
Z. Ryan Pahnke (11146)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Fax: (801) 532-7543

*Attorneys for Plaintiff*

---

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| GARY PATTERSON, an individual, | **SUMMONS** |
| Plaintiff, | Case No.: 200901452 |
| v. | Judge: Barry Lawrence |
| LEAR CAPITAL, INC., a California corporation; TED NOUTSOS, an individual; TERRY MOLONEY, an individual; DANA FRANKFORT, an individual; and DOES 1–10, | **Tier 3** |
| | **JURY DEMAND** |
| Defendants. | |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

LEAR CAPITAL, INC.
Kevin Demeritt, Registered Agent
1990 South Bundy Drive, Suite 650
Los Angeles, CA  90025

You are hereby summoned and required to file an answer in writing to the attached Complaint with the Clerk of the Third Judicial District Court of Salt Lake County, 450 Matheson Courthouse, 450 South State Street, Salt Lake City, UT 84114 and to serve upon, or mail to Mark W. Pugsley and Z. Ryan Pahnke, attorneys for Plaintiff, at Ray Quinney & Nebeker P.C., 36 South State Street, Suite 1400, Post Office Box 45385, Salt Lake City, Utah 84145-0385, a copy of said answer within **thirty (30) days** after service of this Summons upon you.

If you fail to answer, judgment by default will be taken against you for the relief demanded in the Complaint, which has been filed with the clerk of the above-entitled court and a copy of which is attached herewith and served upon you.

DATED this 4th day of March, 2020.

RAY QUINNEY & NEBEKER P.C.

/s/ *Mark W. Pugsley*
Mark W. Pugsley
Z. Ryan Pahnke
*Attorneys for Plaintiff*

1520562

Mark W. Pugsley (8253)
Z. Ryan Pahnke (11146)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Fax: (801) 532-7543

*Attorneys for Plaintiff*

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| GARY PATTERSON, an individual, | **PROOF OF SERVICE** |
| Plaintiff, | Case No.: 200901452 |
| v. | Judge: Barry Lawrence |
| LEAR CAPITAL, INC., a California corporation; TED NOUTSOS, an individual; TERRY MOLONEY, an individual; DANA FRANKFORT, an individual; and DOES 1–10, | **Tier 3** |
| | **JURY DEMAND** |
| Defendants. | |

The Summons and Complaint filed in the above entitled action was served on Ted

Noutsos on March 17, 2020 at the headquarters of Lear Capital, Inc. by the method described

below.

**Service by Third Person**

I, Jeff Star, a process server for the State of California, Los Angeles Co. Reg. No.: 2837,

am over the age of 18, and:

- I am not a party or an attorney for a party to this action.

- I have not been convicted of a felony violation of a sex offense listed in Utah Code Section 77-41-102(16).

- I am not a respondent in a protective order proceeding (see Utah Code Section 78B-7-101).

On March 17, 2020 at 1:40 p.m. PDT, I personally served the above mentioned documents on Ted Noutsos to Scott Robinson, CFO of Lear Capital, Inc., which is located at 1990 S. Bundy Dr., Ste. 600, Los Angeles, California 90025.

DATED this 24th day of March, 2020.

Jeff Star
Process Server
Star Services, Inc.

Mark W. Pugsley (8253)
Z. Ryan Pahnke (11146)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Fax: (801) 532-7543

*Attorneys for Plaintiff*

---

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| GARY PATTERSON, an individual, | **SUMMONS** |
| Plaintiff, | Case No.: 200901452 |
| v. | Judge: Barry Lawrence |
| LEAR CAPITAL, INC., a California corporation; TED NOUTSOS, an individual; TERRY MOLONEY, an individual; DANA FRANKFORT, an individual; and DOES 1–10, | **Tier 3** |
| | **JURY DEMAND** |
| Defendants. | |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

TED NOUTSOS
Lear Capital, Inc.
1990 South Bundy Drive, Suite 650
Los Angeles, CA  90025

You are hereby summoned and required to file an answer in writing to the attached Complaint with the Clerk of the Third Judicial District Court of Salt Lake County, 450 Matheson Courthouse, 450 South State Street, Salt Lake City, UT 84114 and to serve upon, or mail to Mark W. Pugsley and Z. Ryan Pahnke, attorneys for Plaintiff, at Ray Quinney & Nebeker P.C., 36 South State Street, Suite 1400, Post Office Box 45385, Salt Lake City, Utah 84145-0385, a copy of said answer within **thirty (30) days** after service of this Summons upon you.

If you fail to answer, judgment by default will be taken against you for the relief demanded in the Complaint, which has been filed with the clerk of the above-entitled court and a copy of which is attached herewith and served upon you.

DATED this 4th day of March, 2020.

RAY QUINNEY & NEBEKER P.C.

/s/ *Mark W. Pugsley*
Mark W. Pugsley
Z. Ryan Pahnke
*Attorneys for Plaintiff*

1520600

Mark W. Pugsley (8253)
Z. Ryan Pahnke (11146)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Fax: (801) 532-7543

*Attorneys for Plaintiff*

---

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| GARY PATTERSON, an individual, | **PROOF OF SERVICE** |
| Plaintiff, | Case No.: 200901452 |
| v. | Judge: Barry Lawrence |
| LEAR CAPITAL, INC., a California corporation; TED NOUTSOS, an individual; TERRY MOLONEY, an individual; DANA FRANKFORT, an individual; and DOES 1–10, | **Tier 3** |
| | **JURY DEMAND** |
| Defendants. | |

The Summons and Complaint filed in the above entitled action was served on Terry Moloney on March 17, 2020 at the headquarters of Lear Capital, Inc. by the method described below.

**Service by Third Person**

I, Jeff Star, a process server for the State of California, Los Angeles Co. Reg. No.: 2837, am over the age of 18, and:

- I am not a party or an attorney for a party to this action.

- I have not been convicted of a felony violation of a sex offense listed in Utah Code Section 77-41-102(16).

- I am not a respondent in a protective order proceeding (see Utah Code Section 78B-7-101).

On March 17, 2020 at 1:40 p.m. PDT, I personally served the above mentioned documents on Terry Moloney to Scott Robinson, CFO of Lear Capital, Inc., which is located at 1990 S. Bundy Dr., Ste. 600, Los Angeles, California 90025.

DATED this _24th_ day of March, 2020.

Jeff Star
Process Server
Star Services, Inc.

Mark W. Pugsley (8253)
Z. Ryan Pahnke (11146)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Fax: (801) 532-7543

*Attorneys for Plaintiff*

---

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| GARY PATTERSON, an individual, | **SUMMONS** |
| Plaintiff, | Case No.: 200901452 |
| v. | Judge: Barry Lawrence |
| LEAR CAPITAL, INC., a California corporation; TED NOUTSOS, an individual; TERRY MOLONEY, an individual; DANA FRANKFORT, an individual; and DOES 1–10, | **Tier 3** |
| | **JURY DEMAND** |
| Defendants. | |

---

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

TERRY MOLONEY
Lear Capital, Inc.
1990 South Bundy Drive, Suite 650
Los Angeles, CA  90025

You are hereby summoned and required to file an answer in writing to the attached Complaint with the Clerk of the Third Judicial District Court of Salt Lake County, 450 Matheson Courthouse, 450 South State Street, Salt Lake City, UT 84114 and to serve upon, or mail to Mark W. Pugsley and Z. Ryan Pahnke, attorneys for Plaintiff, at Ray Quinney & Nebeker P.C., 36 South State Street, Suite 1400, Post Office Box 45385, Salt Lake City, Utah 84145-0385, a copy of said answer within **thirty (30) days** after service of this Summons upon you.

If you fail to answer, judgment by default will be taken against you for the relief demanded in the Complaint, which has been filed with the clerk of the above-entitled court and a copy of which is attached herewith and served upon you.

DATED this 4th day of March, 2020.

RAY QUINNEY & NEBEKER P.C.

/s/ *Mark W. Pugsley*
Mark W. Pugsley
Z. Ryan Pahnke
*Attorneys for Plaintiff*

1520603

# Return of Electronic Notification

| Recipients |
| --- |
| **Z RYAN PAHNKE**  - Notification received on 2020-03-26 15:53:21.567. |
| **MARK PUGSLEY**  - Notification received on 2020-03-26 15:53:19.947. |

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

| | |
|---|---|
| **A filing has been submitted to the court RE:** | 200901452 |
| **Case Title:** | PATTERSON, GARY vs. LEAR CAPITAL INC, et al. |
| **Judge:** | BARRY LAWRENCE |
| **Commissioner:** | |
| **Official File Stamp:** | 03-26-2020 15:53:00 |
| **Court:** | 3RD DISTRICT COURT - SALT LAKE |
| | District |
| | Salt Lake |
| **Document(s) Submitted:** | Return of Service |
| **Filed by or in behalf of:** | MARK PUGSLEY |

This notice was automatically generated by the courts auto-notification system.

–

**The following people were served electronically:**

Z RYAN PAHNKE for GARY PATTERSON

MARK PUGSLEY for GARY PATTERSON

**The following people have not been served electronically by the Court. Therefore, if service is required, they must be served by traditional means:**

DANA FRANKFORT

TERRY MOLONEY

TED NOUTSOS

LEAR CAPITAL INC

# Return of Electronic Notification

## Recipients

**Z RYAN PAHNKE**  - Notification received on 2020-03-26 15:54:39.037.

**MARK PUGSLEY**  - Notification received on 2020-03-26 15:54:39.54.

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]
–

| | |
|---|---|
| **A filing has been submitted to the court RE:** | 200901452 |
| **Case Title:** | PATTERSON, GARY vs. LEAR CAPITAL INC, et al. |
| **Judge:** | BARRY LAWRENCE |
| **Commissioner:** | |
| **Official File Stamp:** | 03-26-2020 15:54:20 |
| **Court:** | 3RD DISTRICT COURT - SALT LAKE |
| | District |
| | Salt Lake |
| **Document(s) Submitted:** | Return of Service |
| **Filed by or in behalf of:** | MARK PUGSLEY |

This notice was automatically generated by the courts auto-notification system.

–

**The following people were served electronically:**

Z RYAN PAHNKE for GARY PATTERSON

MARK PUGSLEY for GARY PATTERSON

**The following people have not been served electronically by the Court. Therefore, if service is required, they must be served by traditional means:**

DANA FRANKFORT

TERRY MOLONEY

TED NOUTSOS

LEAR CAPITAL INC

# Return of Electronic Notification

| Recipients |
|---|
| **Z RYAN PAHNKE**  - Notification received on 2020-03-26 15:53:50.997. |
| **MARK PUGSLEY**  - Notification received on 2020-03-26 15:53:51.057. |

–

| | |
|---|---|
| **A filing has been submitted to the court RE:** | 200901452 |
| **Case Title:** | PATTERSON, GARY vs. LEAR CAPITAL INC, et al. |
| **Judge:** | BARRY LAWRENCE |
| **Commissioner:** | |
| **Official File Stamp:** | 03-26-2020 15:53:30 |
| **Court:** | 3RD DISTRICT COURT - SALT LAKE |
| | District |
| | Salt Lake |
| **Document(s) Submitted:** | Return of Service |
| **Filed by or in behalf of:** | MARK PUGSLEY |

This notice was automatically generated by the courts auto-notification system.

–

**The following people were served electronically:**

Z RYAN PAHNKE for GARY PATTERSON

MARK PUGSLEY for GARY PATTERSON

**The following people have not been served electronically by the Court. Therefore, if service is required, they must be served by traditional means:**

DANA FRANKFORT

TERRY MOLONEY

TED NOUTSOS

LEAR CAPITAL INC

# Return of Electronic Notification

| Recipients |
|---|
| **Z RYAN PAHNKE**  - Notification received on 2020-03-26 15:55:19.227. |
| **MARK PUGSLEY**  - Notification received on 2020-03-26 15:55:09.663. |

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

| | |
|---|---|
| **A filing has been submitted to the court RE:** | 200901452 |
| **Case Title:** | PATTERSON, GARY vs. LEAR CAPITAL INC, et al. |
| **Judge:** | BARRY LAWRENCE |
| **Commissioner:** | |
| **Official File Stamp:** | 03-26-2020 15:54:50 |
| **Court:** | 3RD DISTRICT COURT - SALT LAKE |
| | District |
| | Salt Lake |
| **Document(s) Submitted:** | Return of Service |
| **Filed by or in behalf of:** | MARK PUGSLEY |

This notice was automatically generated by the courts auto-notification system.

–

**The following people were served electronically:**

Z RYAN PAHNKE for GARY PATTERSON

MARK PUGSLEY for GARY PATTERSON

**The following people have not been served electronically by the Court. Therefore, if service is required, they must be served by traditional means:**

DANA FRANKFORT

TERRY MOLONEY

TED NOUTSOS

LEAR CAPITAL INC